UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDY LUNA,

                     Plaintiff,

          -against-

AC GEORGY; AC COLLADO; CAPT.
YOUNG; DEPARTMENT OF
CORRECTION,

               Defendants.

1:24-CV-1884 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Andy Luna, who is currently held in the Otis Bantum Correctional Center ("OBCC") on Rikers Island, brings this action *pro se*, seeking damages. Plaintiff sues: (1) "AC Georgy" or "AC Georgie"; (2) "AC Collado,"; (3) Correction Captain Young; and (4) the "Department of Correction," which the Court understands to be the New York City Department of Correction ("DOC").[1] He sues these defendants in their official and individual capacities. Plaintiff states that the defendants have violated his federal constitutional rights, as well as the "Indigenous People Act/Rights/Declaration of Human Rights [*sic*]." (ECF 1, at 2.) He also states that an additional legal basis for his claims arises from "18 U.S.C. 241, 242, 4 Amendment, 5th, 6, 9, 10; 18 USC § 3006A, Article III sec. 2 [*sic*]." (*Id.*) The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

---

[1] Plaintiff seems to allege that all three of the individual defendants are correction personnel that are assigned to the OBCC.

By order dated April 18, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: Between November 21, 2023, and November 25, 2023, while Plaintiff was held in the OBCC:

> [he] was unlawfully locked in [his] cell for 4 days. [He] was denied recreation, religious services, law library access, phone communications, sick calls, video visits, counsel visits and[,] for [T]hanksgiving[,] family phone calls, or any showers. [He] was not afforded any matt[ress] set up [for] over 24 hours, toothbrushes, tooth past[e], toilet paper, soap. This is inhuman[e] treatment living conditions. A few of [the] inmates[,] [including Plaintiff, were] exposed to MK9 and MK4 sprays back to back. [Plaintiff] was not treated for medical at all. Upon [his] lock in[,] [Plaintiff] was denied 311 calls because they turned [his] tablet off once locked in. On [November 21, 2023, he] was unlawfully strip search[ed] 2 times back to back and the entire housing unit was searched the same for no reason.

(ECF 1, at 4.) He also alleges that:

> [he was] traumatize[d] due to being locked in a cell for 4 days, [and was] served cold food [that] gave [him] an upset stomach and [a] headach[e]. [Plaintiff] was exposed to MK9 [and] MK4 sprays and [he] received no medical attention. [He] was depress[ed] for not talking to [his] family on the [T]hanksgiving holiday until

late in the evening. When [Plaintiff] inhale[d] the MK9 [and] MK4 spary[,] it was burning [his] eyes, [and he was] coughing non stop.

(*Id.* at 5.)

Plaintiff further alleges, in a copy of a grievance attached to his complaint, that OBCC correction officers fed him and other prisoners "pas[t] the time for lunch and dinner." (*Id.* at 9.) He additionally alleges that OBCC correction officers fed him and other prisoners "without hair covering, gloves[,] and [aprons]." (*Id.*)

Plaintiff states that this "cruel and unusual punishment" began on November 21, 2023, at 8:45 a.m., when "the new AC Georgie [was] doing his tour . . . [and] when an inmate said to him 'just do your tour and get the hell out.'" (*Id.*) In that grievance, Plaintiff asked that "AC Georgie" be relieved of duty and that all of the prisoners in Plaintiff's OBCC housing unit "get compensated for the unlawful treatment of due process of our constitutional rights [*sic*]." (*Id.*)

Plaintiff has attached to his complaint a list of signatures of individuals described as "witnesses," who appear to be other prisoners housed in the same housing unit as him. (*See id.* at 10-11.)

In his complaint commencing this action, Plaintiff states that he seeks $3,000,000 in damages for himself, "and the same for the other inmates in this class action claim." (*Id.* at 5.)

## DISCUSSION

The Court understands that Plaintiff Andy Luna is the sole plaintiff in this action, and that he is asserting claims on behalf of himself and other OBCC prisoners including, perhaps, those prisoners who have listed themselves as "witnesses" in his complaint. The Court also understands that Plaintiff requests to bring this action as a class action. The Court further understands Plaintiff's complaint as seeking only damages.

4

**A.     Plaintiff's request to proceed as a class action and his attempt to assert claims on behalf of others**

To the extent that Plaintiff requests to proceed with this action as a class action, the Court must deny that request. The Court must also dismiss any claims that Plaintiff asserts on behalf of others, including other prisoners held in his OBCC housing unit. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (citation omitted). Because a nonlawyer cannot bring suit on behalf of others, a nonlawyer *pro se* plaintiff cannot act as a class representative and bring a class action. *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (summary order) (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Iannaccone*, 142 F.3d at 559; *Phillips v. Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976). Because Plaintiff does not allege that he is an attorney, the Court denies his request to proceed with this action as a class action and dismisses, without prejudice, any claims that he asserts on behalf of others.[3]

**B.     Claims under Section 1983 against the DOC**

With respect to Plaintiff's own claims against the DOC, which is an agency of the City of New York, the DOC is not a separate entity that can be sued. N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is

---

[3] The Court offers no opinion as to the merits of any claims that Plaintiff has attempted to assert in this action on behalf of others.

generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's

own claims against the DOC for failure to state a claim on which relief may be granted. *See* 28

U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court understands

and will treat those claims as brought against the City of New York.[4]

Yet Plaintiff has also failed to allege facts sufficient to state his own claims under Section

1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New

York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's

employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality

itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60

(2011) ("A municipality or other local government may be liable under this section [1983] if the

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be

subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692

(1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim

under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the

existence of a municipal policy, custom, or practice; and (2) that the policy, custom, or practice

caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d

72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403

(1997) (internal citations omitted).

---

[4] The Court also dismisses, for failure to state a claim, *see* § 1915(e)(2)(B)(ii), Plaintiff's
claims against the individual defendants in their official capacities as DOC employees, and
construes those claims as brought against the City of New York, *see Kentucky v. Graham*, 473
U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against
local government officials . . . [because] local government units can be sued directly for damages
and injunctive or declaratory relief."); *Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d
Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an
action against the municipality itself.").

Plaintiff alleges nothing to suggest that a policy, custom, or practice of the City of New York caused a violation of his federal constitutional rights. Thus, Plaintiff fails to state a claim under Section 1983 against the City of New York, and the Court dismisses that claim for that reason. *See* § 1915(e)(2)(B)(ii). Because Plaintiff is appearing *pro se*, however, the Court grants him leave to file an amended complaint in which he names the City of New York as a defendant and alleges facts sufficient to state a claim under Section 1983 against the City of New York.

**C.     Claims under Section 1983 against the individual defendants**

To the extent that Plaintiff asserts claims under Section 1983 against the individual defendants, the Court must dismiss those claims. To state a claim under Section 1983 against individual state actors, such as the individual defendants, a plaintiff must allege facts showing that those individuals were directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). An individual state actor defendant may not be held liable under Section 1983 solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not show how any of the individual defendants was directly and personally involved with the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the individual defendants, for failure to

state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants

Plaintiff leave to amend his complaint to name as defendants those individual state actors who

were directly and personally involved in the alleged violations of federal constitutional rights and

to allege facts showing how those individuals were each directly and personally involved in

those alleged violations.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of

Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se*

complaint] without granting leave to amend at least once when a liberal reading of the complaint

gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112

(2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983,

the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

The Court grants Plaintiff leave to amend his complaint to provide more facts about his

claims. First, Plaintiff must name as the defendant(s) in the caption[5] and in the statement of

claim those individuals who were allegedly involved in the deprivation of his federal rights. If

Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or

---

[5] The caption is located on the front page of the complaint. Each individual defendant
must be named in the caption. Plaintiff may attach additional pages if there is not enough space
to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all
defendants, he should write "see attached list" on the first page of the amended complaint. Any
defendants named in the caption must also be discussed in Plaintiff's statement of claim.

"Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing Plaintiff's claims under Section 1983, and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

---

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2024, at Sullivan Correctional Facility clinic, during the 7 a.m. to 3 p.m. shift."

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court denies Plaintiff's request for this action to proceed as a class action, and dismisses, without prejudice, those claims that Plaintiff asserts on behalf of others. The Court also dismisses, for failure to state a claim on which relief may be granted, Plaintiff's claims against the DOC and his official-capacity claims under Section 1983 against the individual defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court, however, grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "amended complaint," and label the document with docket number 1:24-CV-1884 (LTS). An amended civil rights complaint form is attached to this order. No summonses will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will dismiss Plaintiff's claims that he asserts on behalf of others without prejudice, dismiss Plaintiff's own claims under federal law for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii), and will decline to consider, under its supplemental jurisdiction, Plaintiff's own claims under state law, *see* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 8, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge